UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES THOMPSON,

    Plaintiff,

vs.                                                CASE NO.:

CHAMPIONSGATE CAR WASH, LLC, a
Florida Limited Liability Company,
NICK ROCKEFELLER, and JORDAN
ROCKEFELLER, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES THOMPSON, by and through the undersigned attorney, sues the Defendants, CHAMPIONSGATE CAR WASH, LLC, a Florida Limited Liability Company, NICK ROCKEFELLER, and JORDAN ROCKELFELLER, Individually, and alleges:

1. Plaintiff, CHARLES THOMPSON, was an employee of Defendants and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution.

### General Allegations

2. Plaintiff, CHARLES THOMPSON was an employee who worked at Defendants' property within the last three years in Osceola County, Florida.

3. Plaintiff, CHARLES THOMPSON, worked for Defendants as an hourly paid employee at an hourly rate of $10.00 per hour.

4. Plaintiff, CHARLES THOMPSON, worked as a car detailer/washer for Defendants.

5. At all times material to this cause of action, Plaintiff, CHARLES THOMPSON, was

1

a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, CHAMPIONSGATE CAR WASH, LLC, is a Florida Limited Liability Corporation that operates and conducts business in Osceola County, Florida and is therefore, within the jurisdiction of this Court.

7. Specifically, Defendant, CHAMPIONSGATE CAR WASH, LLC conducts business at 1581 Berwick Drive, Champions Gate, Florida 33896.

8. Defendant, CHAMPIONSGATE CAR WASH, LLC, operates and conducts business by providing vehicle detailing and washing to its customers.

9. According to Defendants' website, CHAMPIONSGATE CAR WASH, LLC offers wax treatments, shampoo services, odor removal, rim polishing/sealing, headlight restoration, as well as interior and exterior car detailing. See www.cgcarwash.com

10. At all times relevant to this action, NICK ROCKEFELLER was an individual resident of the State of Florida, who operated CHAMPIONSGATE CAR WASH, LLC, and who regularly exercised the authority to: (a) hire and fire employees of CHAMPIONSGATE CAR WASH, LLC; (b) determine the work schedules for the employees of CHAMPIONSGATE CAR WASH, LLC, and (c) control the finances and operations of CHAMPIONSGATE CAR WASH, LLC. By virtue of having regularly exercised that authority on behalf of CHAMPIONSGATE CAR WASH, LLC, NICK ROCKEFELLER is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. At all times relevant to this action, JORDAN ROCKEFELLER was an individual resident of the State of Florida, who operated CHAMPIONSGATE CAR WASH, LLC, and who regularly exercised the authority to: (a) hire and fire employees of CHAMPIONSGATE CAR WASH, LLC; (b) determine the work schedules for the employees of CHAMPIONSGATE CAR

WASH, LLC, and (c) control the finances and operations of CHAMPIONSGATE CAR WASH, LLC. By virtue of having regularly exercised that authority on behalf of CHAMPIONSGATE CAR WASH, LLC, JORDAN ROCKEFELLER is/was an employer as defined by 29 U.S.C. § 201, et seq.

12. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14. During Plaintiff's employment with Defendants, Defendant, CHAMPIONSGATE CAR WASH, LLC, earned more than $500,000.00 per year in gross sales.

15. Defendant, CHAMPIONSGATE CAR WASH, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendant, CHAMPIONSGATE CAR WASH, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as car wax, car soap, vehicle shampoo, wash cloths, buckets, rim sealant/polisher, air fresheners, and other tools/materials used to run the business.

17. Therefore, at all material times relevant to this action, Defendant, CHAMPIONSGATE CAR WASH, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff, CHARLES THOMPSON, is individually covered under the FLSA.

## FLSA Violations

19. At all times relevant to this action, Defendants failed to comply with the FLSA

because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked as well as the minimum wage.

20. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. During his employment with Defendant, Plaintiff was not paid the full minimum wage during one or more work weeks.

22. Specifically, Defendants had a policy and practice of not allowing employees to clock in until they serviced their first vehicle despite having a much earlier start time.

23. For example, Plaintiff was required to arrive at Defendants' carwash at 8:00 a.m. but would not be allowed to clock in until he washed/serviced his first vehicle which could be an hour, or longer, after arriving for work.

24. Based upon the above policy and practice, Plaintiff was not compensated for time spent engaged to wait each day he was scheduled to work.

25. Defendants' policy and practice of requiring Plaintiff to work off the clock resulted in Plaintiff receiving less than the minimum wage for all hours worked during one or more work weeks.

26. Additionally, Defendant's policy and practice of requiring Plaintiff to work off the clock resulted in Defendants avoiding compensating Plaintiff for overtime hours worked during one or more work weeks.

27. Defendants' policy and practice described above resulted in approximately 5-10 hours of off the clock work each week.

28. Plaintiff is entitled to full time and one-half his regular rate for all hours worked in

4

excess of forty (40) per week. ($10.00/hour * 1.5 = $15.00/overtime hour)

29. Plaintiff is entitled to the full minimum age for each hour worked during his employment with Defendants.

30. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay and the minimum wage.

31. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above as though stated fully herein.

33. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

34. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

35. Plaintiff was required to work off the clock between 5-10 hours a week which, once included in his recorded hours worked, resulted in overtime.

36. Defendants failed to compensate Plaintiff for overtime hours worked as a result of requiring Plaintiff to work off the clock on a regular basis.

37. Defendants have failed provide accurate overtime compensation for numerous pay periods.

38. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

39. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CHARLES THOMPSON demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

43. Plaintiff was entitled to be paid the full statutory minimum wage for all hours worked per week during his employment with Defendant.

44. Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked per week during his employment with Defendant pursuant to 29 C.F.R. 778.5.

45. Defendant has a common pay policy and/or pay practice which violates the FLSA's minimum wage provisions and therefore failed to pay Plaintiff at least the statutory minimum wage for all hours worked per week as a result of requiring Plaintiff to work off the clock.

46. Because of this policy, Defendant violated the FLSA's minimum wage provisions.

47. As a result of this common policy, Plaintiff is entitled to receive the difference between the full applicable statutory minimum wage and the hourly wage actually paid to him.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

49. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

51. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHARLES THOMPSON demands judgment against Defendants for unpaid minimum wage, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

53. Plaintiff was entitled to be paid the Florida minimum wage for all hours worked per week during his employment with Defendants.

54. Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks during the relevant time period (the last five years).

55. Defendants were aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

56. Defendants willfully failed to pay Plaintiff the minimum wage during one or more workweeks during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

57. Because of their policy and practice described above, Defendants violated the Florida Constitution's minimum wage provisions.

58. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the subject weeks that he worked for the Defendants.

59. As a result of Defendants' willful violation of the Florida Constitution, Plaintiff is entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, CHARLES THOMPSON demands judgment against Defendants for unpaid minimum wage, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this _____5_____ day of February, 2018

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff