UNITED STATS DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES THOMPSON,

    Plaintiff,

CASE NO.: 6:19-CV-601-ORL-LRH

vs.

CHAMPIONSGATE CAR WASH,
LLC, a Florida For Profit
Corporation, JORDAN
ROCKEFELLER, and NICK
ROCEFELLER, Individually,

    Defendants.    /

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, CHARLES THOMPSON, and Defendants, CHAMPIONSGATE CAR WASH, LLC, JORDAN ROCKEFELLER, and NICK ROCKEFELLER (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* settlement agreement attached as **Exhibit "A."**

I.   **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by

employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff and Defendants were represented by experienced counsel.

II. <u>Terms of Settlement</u>

    A. **Plaintiff's Recovery**

Plaintiff will receive full damages as part of the settlement in the amount of $250.00 plus an equal amount in liquidated damages ($250.00). The parties agree that the settlement terms and amounts are a reasonable compromise as Plaintiff is receiving full damages and liquidated damages. In determining Plaintiff's damages, Defendants provided all of Plaintiff's pay and time records during his employment. The parties were then able to calculate the number of overtime hours Plaintiff at issue. The parties believe that this settlement is fair given the records exchanged and the parties coming to agreeable calculations on damages, the Defendants' potential defenses, and the vagaries of trial. Under these circumstances, the undersigned find the settlement reasonable, especially considering the vagaries and unknown length of further litigation.

### B. Attorney's Fees/Costs

Plaintiffs' counsel will receive $1,500.00 as payment of fees and costs. Defendant has agreed to pay Plaintiff's' attorneys' fees. Plaintiffs' attorneys' fees and costs were negotiated separately from Plaintiffs' settlement and did not bear any weight on the amounts received by Plaintiffs. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice pending the determination of Plaintiff's Motion to Determine Attorney's Fees and Costs.

Dated this 13th day of September, 2019.

Respectfully submitted,

/s/ MATTHEW GUNTER
Matthew Gunter, Esq.
FLBN: 0077459
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: MGunter@forthepeople.com

*Counsel for Plaintiff*

/s/ CHRIS BALLENTINE
Chris Ballentine, Esq.
FLBN: 434205
Fisher Rushmer, P.A.
390 N. Orange Ave.
Suite 2200
Orlando, FL 32801
Telephone: (407) 843-2111
Email: Cballentine@Fisherlawfirm.com

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to *all counsel of record.*

s/ MATTHEW GUNTER
Matthew Gunter, Esq.
